# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

              Plaintiff,    :    Case No. 1:13-cr-025 (6)
                                        Also Case No. 1:16-cv-881

                                        District Judge Susan J. Dlott
- vs -                                 Magistrate Judge Michael R. Merz

ERIC BROCK,

              Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Eric Brock's pro se Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 627). The case has been referred to the undersigned Magistrate Judge by District Judge Susan J. Dlott (ECF No. 629).

       Mr. Brock pleads one ground for relief:

> **Ground One:** Petitioner is seeking wheather [sic] the newly U.S.S.G. 794 Clarifying Amendment enacted Nov. 1, 2015 is applicable to his sentencing.
>
> **Supporting Facts:** Petitioner asserts during the sentencing phase of the proceeding the District Court never made an assessement [sic] of my role or pacticipation [sic] in the overall conspiracy. Thus, petitioner was never enhanced under any the leadership. or supervisor role in the offense, plus petitioner was not the head of the indictment or conspiracy. Also, petitioner never know [sic]

1

> about the scope of the other participants, he was basically in a buyer and seller relationship.
>
> Petitioner asserts, therefore now under this new amendment factors [sic] to 3B1.2, petitioners partication [sic] would fall under the cretria [sic] to be eligible for the minor role reduction.

(Motion, ECF No. 627, PageID 2254.)

**Procedural History**

Defendant Brock was indicted February 20, 2013, with seventeen other defendants for participation in a conspiracy to distribute narcotics (Indictment, ECF No. 1). On January 9, 2014, he entered into a written Plea Agreement with the United States in which he agreed to plead guilty to Count One of the Superseding Indictment charging him with conspiracy to possess heroin with intent to distribute (Plea Agreement, ECF No. 317, PageID 1024). The plea was to be made pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentence of 120 months (ten years). *Id.* at PageID 1025. Judge Dlott directed preparation of a Presentence Investigation Report (PSR). After considering it, she sentenced Mr. Brock to the agreed sentence of ten years (ECF Nos. 453, 454). Judgment was entered December 4, 2014, and Brock took no appeal. He filed the instant § 2255 Motion on August 29, 2016.

# Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428-429 (1962); see also *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Mr. Brock does not assert any error at all in his sentence, even in application of the Sentencing Guidelines. In fact, the Guideline range in this case was 188 to 235 months and

Brock received a sentence more than five years below the Guidelines because of the Plea Agreement.

Brock seeks an adjustment in his sentence because he claims he had a minor role in the offense and he seeks the benefit of Sentencing Guideline Amendment 794.  The facts of the offense and Brock's participation set out in the PSR do not suggest that he was a minor participant under U.S.S.G. 3B1.2, either before or after the November 1, 2015, amendment.  But even if he qualified for a two-level decrease as a minor participant, that would reduce the Guideline range to 140 to 188 months with the bottom end of the range being almost two years more than the sentence he received.

Finally, Brock was sentenced in December 2014, eleven months before Amendment 794 was enacted.  With exceptions not applicable here, Guideline amendments do not have retroactive effect.  U.S.S.G. § 1B1.10.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Mr. Brock's § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

Brock's Motions to Appoint Counsel (ECF No. 626) and for a Transcript (ECF No. 628) are DENIED as moot.

August 30, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).