# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|                     |   |                              |
|---------------------|---|------------------------------|
| Plaintiff,          | : | Case No. 1:13-cr-025 (6)      |
|                     |   | Also Case No. 1:16-cv-881     |
|                     |   |                              |
|                     |   | District Judge Susan J. Dlott  |
| -  vs  -            |   | Magistrate Judge Michael R. Merz |

ERIC BROCK,

|            |   |
|------------|---|
| Defendant. | : |

---

# ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant Eric Brock's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 627). Upon referral, United States Magistrate Judge Michael R. Merz recommended the Motion be dismissed with prejudice (Report and Recommendations, "Report" ECF No. 630). Mr. Brock has now filed Objections to the Report (ECF No. 651). As required by Fed. R. Civ. P. 72(b)(3), the District Court reviews de novo those portions of the Report to which objection has been made.

Brock makes no objection to the Report's statement of the general standards for considering a § 2255 Motion (ECF No. 630, PageID 2268-69) and the Court agrees that they are accurately stated.

The Report reflects that Mr. Brock was indicted with seventeen others for participating in a narcotics distribution conspiracy and that he entered into a plea agreement under Fed. R. Crim.

1

P. 11(c)(1)(C) for a ten year sentence which is what the Court imposed (ECF No. 630, PageID 2268).  The Report found that Brock's guideline sentencing range was 188-235 months which he says is false (Objections, ECF No. 651, PageID 2329).  However, that is the guideline sentencing range recommended in the Presentence Investigation Report.  At sentencing the Court adjusted that range to 130 to 162 months based on findings set forth in the Statement of Reasons (ECF No. 461, PageID 1383).  The portion of the Report stating the guideline sentencing range was 188 to 235 months is in error and is not adopted.

Brock asserts he is entitled to relief under the Plea Agreement because of ¶ 16 which provides:

> 16. The government agrees that in the event there is an amendment to 21 U.S.C. § 841 signed into law which reduces the term of imprisonment recommended in paragraph 2 of this agreement and which applies to this defendant, the defendant may pursue any review permitted through effect of such amendment.

ECF No. 651, PageID 2329, quoting ECF No. 317, PageID 1031.)  There have been no amendments to 21 U.S.C. § 841 signed into law since Mr. Brock's conviction.  In his Motion to Vacate, he asks whether Amendment No. 794 to the Sentencing Guidelines applies to him, but an amendment to the Sentencing Guidelines is not "an amendment to 21 U.S.C. § 841"; such amendment must come from  the Congress of the United States and be signed into law by the President.

The Report concluded Amendment 794 does in any event not have retroactive effect, citing U.S.S.G. § 1B1.10 (ECF No. 630, PageID 2270).  Brock objects, relying on *Rivera v. Warden*, 27 Fed. Appx.511 (6th Cir. 2001). In Rivera the Sixth Circuit rejected an attempt by a federal prisoner to obtain habeas corpus relief under 28 U.S.C. § 2241.  It held

When an amendment to the Sentencing Guidelines clarifies a vague guideline and results in a lower guideline range, a prisoner can move the sentencing court under 18 U.S.C. § 3582(c)(2) for a reduction in the sentence if the amendment is listed in U.S.S.G. § 1B1.10(c). None of the amendments that Rivera relies on are listed in U.S.S.G. § 1B1.10(c). Nevertheless, even if they were identified, Rivera still would move the sentencing court, not the district court where he is incarcerated. 18 U.S.C. § 3582(c)(2),

Nevertheless, if an amendment clarifies a sentencing guideline, rather than substantively changes a guideline, a sentencing court can reduce the sentence by applying the amendment retroactively, even if it is not listed in U.S.S.G. § 1B1.10(c). But again, in such a case the prisoner files a § 2255 motion with the sentencing court. *Jones v. United States*, 161 F.3d 397, 402-03 (6th Cir.1998), *amended by* 178 F.3d 790 (6th Cir.1999); *United States v. Cruz-Mendoza*, 147 F.3d 1069, 1072-73 (9th Cir.1998); *United States v. Marmolejos*, 140 F.3d 488 (3d Cir.1998); *Isabel v. United States*, 980 F.2d 60, 61-63 (1st Cir.1992).

27 Fed. Appx. at 515. Upon examining the amended decision in the principal cited case, *Jones v. United States,* 178 F.3d 790 (6th Cir. 1999), the Court finds it does not support bringing a § 2255 motion to have a clarifying amendment to the Guidelines applied retroactively. In fact, it holds that §2255 may not be used even to correct an error in applying the Sentencing Guidelines, "absent a complete miscarriage of justice." Given that holding, the language in *Rivera* cannot be read to support using § 2255 for that purpose. Instead, the issue before the Sixth Circuit in *Rivera* was where a federal prisoner may seek relief at all after appeal. Rivera specifically says that a prisoner can move for reduction based on a clarifying amendment by moving under 18 U.S.C. § 3582(c)(2), not 28 US.C. § 2255.

The Report noted that facts set forth in the PSR did not support Brock's claim that he was a minor participant. In objection he cites various factors which he believes the Court should consider in finding he had a "minor" role (ECF No. 651, PageID 2330). A minor level

3

adjustment would decrease the offense level to 25 with a resulting guideline range of 110 to 137 months.  Mr. Brock was sentenced to an agreed mandatory minimum sentence of 120 months. He presents no evidence or argument that he would have somehow been entitled to a downward departure below that mandatory minimum term of imprisonment.

**Conclusion**

Having reviewed the Report de novo, the Court rejects the Magistrate Judge's finding of what the sentencing guideline range was in this case or would have been with a two-level downward adjustment for a minor role.  However, Mr. Brock's other objections are not well taken and are overruled; the remainder of the Report is ADOPTED.  The Motion to Vacate is DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Brock is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December  5, 2016.

_s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge